UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS E. ESTES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0445-CVE-PJC |
| ) | |
| **CONOCOPHILLIPS COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court for consideration is Defendant's Motion to Dismiss First Amended Complaint and Brief in Support (Dkt. # 19). ConocoPhillips Company ("Conoco") claims that plaintiff has failed to state a claim upon which relief can be granted and moves to dismiss plaintiff's first amended complaint under Fed. R. Civ. P. 12(b)(6). Conoco argues that it is not a "testing facility" under Oklahoma's Standards for Workplace Drug and Alcohol Testing Act, Okla. Stat. tit. 40, § 551 et seq. ("the Act"), and it claims that it is not bound by the Act's procedural requirements for drug testing in the workplace.

### I.

Dennis Estes was an employee of Conoco, and on May 24, 2005, his employer administered on-site drug and alcohol testing. Estes reported for testing and submitted to a breath alcohol test using an evidential breath testing ("EBT") device. He tested positive for alcohol, and after a second test to confirm the results, his employment was terminated. Estes was not given a chance to appeal the test results or to question the testing methods used by Conoco.

Estes filed his complaint on August 4, 2005, invoking the civil remedy provided by the Act for an employee who alleges that his termination for a positive drug or alcohol test was a willful

violation of the Act. See Okla. Stat. tit. 40, § 563. After Conoco filed a motion to dismiss (Dkt. # 6), Estes filed an amended complaint (Dkt. # 13). Conoco renewed its motion to dismiss (Dkt. # 19), focusing on two specific arguments: (1) the Act did not require Conoco to obtain a license to conduct breath alcohol tests of its employees; and (2) plaintiff has failed to allege that Conoco's failure to obtain a license led to his termination.

## II.

When reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

## III.

The basis of Conoco's argument is that it is not a testing facility under the Act and it does not have to follow the procedural safeguards or licensing requirements of the Act before disciplining an employee for drug or alcohol use. Although Conoco does not raise the issue, the statutory section defining the term "testing facility," Okla. Stat. tit. 40, § 552(15), was amended twice during the 2005 legislative session. The recent history of this statute is somewhat complicated, but it is necessary

to review the amendments to the statute to determine which definition of "testing facility" applies to plaintiff's claim.

> On June 6, 2000, the definition of "testing facility" was amended to read:
>
> "Testing facility" means any person, including any laboratory, hospital, clinic or facility, either off or on the premises of the employer, which provides laboratory services to test for the presence of drugs or alcohol in the human body. The administration of on-site drug screening tests to applicants or employees to screen out negative test results are not laboratory services under this paragraph, provided the on-site tests used are cleared by the federal Food and Drug Administration for commercial marketing, and all positive results of such tests are confirmed by a testing facility in accordance with the Standards for Workplace Drug and Alcohol Testing Act.

2000 Okla. Sess. Serv. Ch. 335 (West). In 2005, the Oklahoma legislature enacted two amendments to this section. By passing 2005 Okla. Sess. Serv. Ch. 134, § 1, the legislature deleted the second sentence of section 552(15). This amendment, enacted on May 2, 2005, would have become effective on November 1, 2005. However, the legislature subsequently passed 2005 Okla. Sess. Serv. Ch. 190, § 5, which became effective on September 1, 2005, which states:

> "Testing facility" means any person, including any laboratory, hospital, clinic or facility, either off or on the premises of the employer, which provides laboratory services to test for the presence of drugs or alcohol in the human body. The administration of on-site drug or alcohol screening tests to applicants or employees to screen out negative test results are not laboratory services under this paragraph, provided the on-site tests used are cleared by the federal Food and Drug Administration for commercial marketing or by the National Highway Traffic Safety Administration for alcohol testing, and all positive results of such tests are confirmed by a testing facility in accordance with the Standards for Workplace Drug and Alcohol Testing Act.

Oklahoma's Attorney General has issued an opinion that the most recent amendment controls because the legislature affixed an effective date earlier than the preceding amendment. Okl. A.G. Opin. No. 06-3 (2006).

Oklahoma follows the general rule that civil statutes that affect substantive rights are applied prospectively only. Oklahoma Bd. of Medical Licensure & Supervision v. Oklahoma Bd. of Examiners in Optometry, 893 P.2d 498, 499 (Okla. 1995). A statute will be applied retroactively only if "the purpose and intent of the Legislature to give [it] a retroactive effect is expressly declared or necessarily implied from the language used." Barnhill v. Multiple Injury Trust Fund, 37 P.3d 890, 898 (Okla. 2001). In this case, the legislature provided specific effective dates for the statute and there is no evidence that the legislature expressly or impliedly intended to give retroactive effect to the definition of the term "testing facility." The alleged injury occurred on May 24, 2005, and plaintiff filed his lawsuit on August 4, 2005. Both of these dates fall before the earliest possible 2005 amendment to section 552(15) would have taken effect, so the Court must apply the statute as amended on June 6, 2000.

The applicable definition of "testing facility" allows an employer to conduct on-site testing, provided that the employer has any positive results confirmed by a licensed testing facility. The Act clearly states that "employers who choose to conduct drug or alcohol testing of job applicants or persons employed in this state shall be governed by the provisions of this act." Okla. Stat. tit. 40, § 553(B). Conoco's motion to dismiss is premised on the theory that it is not a testing facility, but it still must have positive results confirmed by an outside testing facility before disciplining an employee.[1] Conoco's argument that it is not a testing facility does not excuse if from compliance with the Act. See Okla. Stat. tit. 40, § 553(B). Although Okla. Stat. tit. 40, § 562 permits an

---

[1] The Oklahoma Supreme Court has held that an employer may rely on an EBT test as the initial and confirmatory test in order to comply with Okla. Stat. tit. 40, § 562. See McClure v. ConocoPhillips Co., 2006 WL 1679353 (Okla. June 20, 2006). However, the Court did not address section 552(15) or any other procedural issue under the Act, as the plaintiff in McClure did not raise any other challenges to his employer's alcohol testing.

employer to terminate an employee after two positive results for drugs or alcohol, this provision does not expressly exempt an employer from complying with section 552(15) if the tests are not performed by a testing facility. The plain language of section 552(15) requires a testing facility to confirm "all positive results." Plaintiff alleges that Conoco ignored the required procedures for confirming positive test results and Conoco does not offer any evidence outside the complaint to refute plaintiff's allegations. Conoco is correct in stating it did not have to obtain a license to test its employees for drugs and alcohol, but Conoco must still comply with the Act. Conoco's argument that the Act did not require Conoco to obtain a license does not provide a basis for the Court to dismiss plaintiff's first amended complaint, as plaintiff has stated facts which would constitute a violation of the Act.

Conoco also claims that plaintiff's first amended complaint does not allege that its failure to comply with the licensing provisions of the Act caused his termination. The Act has a specific provision for anyone bringing a civil action against his employer:

> Any person aggieved by a willful violation of the Standards for Workplace Drug and Alcohol Testing Act may institute a civil action in a court of competent jurisdiction within two (2) years of the person's discovery of the alleged willful violation or of the exhaustion of any internal administrative remedies available to the person, or be barred from obtaining the relief provided for in subsection B of this section.

Okla. Stat. tit. 40, § 563(A). This section requires the employee to allege only that his employer committed a "willful violation" of the Act, which plaintiff has alleged in this case. See First Amended Complaint (Dkt. # 13), at 6. Conoco has not cited any case law to support its argument that plaintiff must plead that Conoco's failure to comply with the licensing requirements of the Act caused Conoco to discharge him. Even if Conoco were correct, plaintiff has alleged procedural

5

violations of the Act which create a causal nexus between his termination and Conoco's conduct.[2] Although Conoco has read plaintiff's first amended complaint narrowly and focused on the allegations of improper licensing, the first amended complaint puts Conoco on notice of the acts which allegedly caused plaintiff's injury and of plaintiff's theory of causation.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss First Amended Complaint and Brief in Support (Dkt. # 19) is **denied**.

**DATED** this 5th day of July, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]  Plaintiff alleges twenty specific violations of the Act, and only two of them relate to licensing requirements. For example, plaintiff also challenges the testing method, the validity of the test results, and the fact that Conoco took the alcohol test without a basis under Okla. Stat. tit. 40, § 554.