**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DENNIS E. ESTES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 05-CV-445-GKF-PJC |
| | ) |
| **CONOCOPHILLIPS COMPANY,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court for determination is the Motion for Protective Order of Plaintiff Dennis E. Estes ("Estes"). [Dkt. # 92]. For the reasons set forth below, the Motion is **DENIED**.

### *BACKGROUND*

Estes brought this action in August 2005 claiming that Defendant ConocoPhillips Company ("Conoco") wrongfully terminated his employment with the company and otherwise violated the Oklahoma Standards for Workplace Drug and Alcohol Testing Act (the Act"). [Dkt. # 2 ]. Estes seeks injunctive relief as well as reinstatement to his job with Conoco, back pay, front pay (if reinstatement is deemed not feasible), compensatory damages and attorney fees.

On April 7, 2006, Conoco served a subpoena on Estes' current employer, the Benham Companies ("Benham"), seeking the following:

> Any and all personnel records for Dennis E. Estes [ ], including but not limited to the following:
>
>     1. Entire personnel and/or employment file.
>     2. All performance evaluations/reviews/apprisals, disciplinary records, and personnel actions reports.

>    3. Payroll and compensation records.
>    4. Benefits records, benefits plans, summary plan descriptions, stock option plans and statements.

(Subpoena, Exhibit "D" to Dkt. # 92.)

The subpoena expressly excluded from its coverage any medical records, records relating to workers' compensation claims, and records related to drug/alcohol testing. (*Id.*)

Plaintiff did not object to this subpoena.

On November 7, 2006, the District Court certified to the Oklahoma Supreme Court two questions concerning the Act. [Dkt. # 74]. The docket reflects no action occurred in the case for approximately one year while the certified questions were being considered. On March 6, 2008, the Oklahoma Supreme Court answered the certified questions [Dkt. # 87] and a new Scheduling Order was entered shortly thereafter [Dkt. #88].

On March 11, 2008, Estes filed a Motion to Amend the First Amended Complaint [Dkt. # 89]. In late March 2008, Conoco indicated to Plaintiff that it was considering issuing a second subpoena to Benham requesting documents to the same requests contained in the April 2006 subpoena, limited to the time period since the response to the first subpoena. (Exhibit "F" to Dkt. # 93). Plaintiff contends that the information sought by the second subpoena is irrelevant to this action. He further contends that the subpoena is intended solely for the purpose of harassment. Plaintiff cites to Fed. R. Civ. P. 26 to the effect that where good cause is shown a Court may enter any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue expense.

Rule 26(c)(3) allows a Court to order that certain discovery be had only by a method other than that selected by the discovering party.

Estes contends that issuing a second subpoena to his current employer is needlessly invasive, but cites no cases in support of his argument that Conoco should be prohibited from further contact with Benham.  He contends that the information Conoco seeks can be obtained directly from Plaintiff.  Defendant argues that Plaintiff has failed to show good cause to bar further discovery from Benham.

### *DISCUSSION*

It is well-established that discovery under the Federal Rules is limited only by relevance and burdensomeness.  *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975).  Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion.  *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir. 1981).

Fed.R.Civ.P. 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party….  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004) (citation omitted).  A discovery request should be allowed

"unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.*

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery either does not come within the scope of relevance set forth in Fed. R. Civ. P. 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan. 2003) (citation omitted).

Estes has the burden of establishing "some plainly adequate reason" for a protective order. 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2035, p. 484 (1994) (hereafter, "Wright & Miller"). This requires a "particular and specific demonstration of fact" as opposed to general, conclusory statements. *Id.*

Plaintiff has failed to meet his burden. At the very least, the requested information is relevant because it could show Estes' salary history and employee benefits with Benham for purposes of calculating potential damages. The fact that Conoco may be able to get some or all of this information from Benham himself is not a sufficient justification for the requested protective order. "Generally, the party seeking discovery is entitled to make an initial choice of the method by which it is to be had and the court will not interfere unless sound reasons are shown." 8 Wright & Miller § 2039, p. 512. Furthermore, it does not appear that Conoco's proposed subpoena is unduly invasive or intended for purposes of harassment. A plaintiff's personnel records – with appropriate protection for medical information and other such documents – are generally fair game in any employment lawsuit. There is no evidence that Conoco's first subpoena to Benham

4

caused any problems and there is no reason to believe a second subpoena would do so either.  Furthermore, two years have passed since Conoco's first subpoena to Benham.  Clearly, Conoco is entitled to update its discovery and the subpoena in question seeks only information in Estes' personnel records since April 2006.

Under these circumstances, there is nothing objectionable about the proposed discovery or the proposed subpoena.  Accordingly, Plaintiff's Motion for Protective Order is **DENIED**.

IT IS SO ORDERED this 5th day of May 2008.

Paul J. Cleary
United States Magistrate Judge