**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DENNIS E. ESTES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-445-GKF-PJC |
| ) | |
| CONOCOPHILLIPS COMPANY, ) | |
| ) | |
|     Defendant. ) | |

## OPINION AND ORDER

On December 19, 2008, this matter came on for hearing on the Motion for Partial Summary Judgment [Dkt. # 107] filed by plaintiff Dennis E. Estes ("Estes"). On that date, the Court granted plaintiff's Motion for Partial Summary Judgment in part. [Dkt. # 141]. Now, this matter having come to trial on the 20th day of January, 2009, and there being some confusion between the parties as to the reasons for the Court's grant of partial summary judgment, it appears necessary and proper to set forth in writing the basis for the ruling of December 19, 2009.

As set forth more specifically below, the Court granted partial summary judgment on the grounds that ConocoPhillips willfully[1] violated the Oklahoma Standards for Workplace Drug and Alcohol Testing Act, codified at Okla. Stat. tit. 40, §§ 551-565 (the "Act").

First, the Court granted partial summary judgment in plaintiff's favor on the issue of whether ConocoPhillips violated the Act by terminating plaintiff's employment based upon a breath alcohol test which was not confirmed by a licensed alcohol testing facility. The Court

---

[1] The Oklahoma Supreme Court defines "willful," as used in § 563 of the Act, as "not only conscious, purposeful violations of the Testing Act, but also deliberate disregard of the law by those who know, or should have known, of the requirements of the Testing Act." *Estes v. ConocoPhillips, Co.*, 184 P.3d 518, 527 (Okla. 2008). ConocoPhillips' violations were "willful" insofar as it knew of should have known of the requirements of the Testing Act.

denied partial summary judgment on the issue of whether that particular violation was "willful." At trial, the Court and counsel agreed as a matter of judicial economy not to present to the jury the issue of willfulness on that particular violation, as the Court granted partial summary judgment as to other willful violations which are specifically set forth below. Because only one willful violation is needed to proceed to the damages issue, the Court concluded the case could proceed to trial on the damages issue alone.

Second, the Court ruled that ConocoPhillips willfully violated the Act by failing to deliver a written, detailed policy which included the required information listed in subsections 5, 6, 8, 9, and 11 of § 555(A) of the Act. ConocoPhillips' failure to deliver such a written, detailed policy to Estes was a violation of § 555(C). This Court finds persuasive the following language written by a thoughtful former state court colleague—District Judge Jefferson D. Sellers—in a state court case brought against ConocoPhillips under the Act:

> Twenty-four years ago, one learned scholar [referring to ConocoPhillips' lawyer in the state court action] remarked that the Standards for Workplace Drug and Alcohol Testing Act "may tend to discourage Oklahoma employers from implementing testing policies and may lead others to discontinue their current testing policies, because of **strict requirements** placed upon employers' ability to conduct tests, and, more importantly, the possibility of criminal sanctions and civil suits for alleged violations". Carney, *The Oklahoma Standards for Workplace Drug and Alcohol Testing Act*, 64 Okla. Bar. J. 3749 (Dec. 12, 1993) (emphasis added). The Act itself manifests a legislative intent that drug testing not be encouraged. 40 O.S. Sec. 553(A). Further, the Act makes no allowance for the contracting away of the protections afforded employees by the act. 40 O.S. Sec. 553(D). Full compliance with the Act (and nothing short of that) is the legislative directive to those employers who embark upon drug and alcohol workplace testing. Its provisions are mandatory for such employers. In the absence of a directive from the appellate courts, this court declines to make the standards less than mandatory by grafting into the Act a wholly foreign concept of substantial compliance.
>
> It was mandatory that the defendant give a copy of the policy and any changes to the policy to each employee. Making a copy of the policy and changes available on the company intranet will not suffice to meet the statute. That practice is akin to making a written copy available, which also would not comport with Section 555(C). Plaintiff is entitled to a partial summary adjudication of that issue.

*Karnish v. ConocoPhillips, Co.*, Case No. CJ-05-2932 in the District Court in and for Tulsa County, Oklahoma, Order dated Feb. 15, 2008, at Dkt. # 107-5, page 23.

The Court determined that Estes was "aggrieved," as his termination was due to an alcohol test administered in violation of the Act. *See* Okla. Stat. tit. 40, § 563(A); *McVey v. Nat'l Org. Serv., Inc.*, 719 N.W.2d 801, 803 (Iowa 2006) ("[A] discharge from employment may be based on an employee drug-testing program only if that program is being carried out in compliance with the governing statutory law." (citation omitted)).

Finally, as a secondary, *alternative* basis for its grant of partial summary judgment on liability for a willful violation of the Act, the Court held that ConocoPhillips willfully violated the Act by failing to include in *either* its "Alcohol Plan" or its "U.S. Substance Abuse Policy" information about "[t]he available appeal procedures, remedies and sanctions." Although the Court previously held that the Act does not require ConocoPhillips to provide a right of appeal, the Act requires ConocoPhillips to comply with § 555(A)(11) by stating in its written policy that no appeal procedures and remedies exist.

For these reasons, the Court granted plaintiff's Motion for Partial Summary Judgment [Dkt. # 107] in part.

DATED this 21st day of January.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma